FILED

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

MYLES SPIRES, III

2012 NOV 19   A  9: 36

Plaintiff

CLERK'S OFFICE
AT U.S.

v

3              *              Civil Action No. RDB-12-1660

BOBBY SHEARIN, et al.                    *

Defendants                          *

***

## MEMORANDUM OPINION

The self-represented plaintiff Myles Spires ("Spires") has filed his Complaint pursuant to

42 U.S.C. §1983.  Defendants by their attorneys move to dismiss or, in the alternative for

summary judgment (ECF No. 10).  Spires has filed four motions for summary judgment (ECF

Nos. 8, 9, 15, and 19) and opposes Defendants dispositive motion (ECF No. 18).    After review

of the pleadings, exhibits, and applicable law, the Court determines that a hearing is

unwarranted.  Local Rule 105.6 (D. Md. 2011).  For the reasons that follow, Defendants' Motion

to Dismiss or for Summary Judgment, construed as a Motion for Summary Judgment, will be

GRANTED, Plaintiff's motions will be denied, and judgment will be ENTERED in favor of

Defendants.

### Background

Spires alleges in August 2011, he was sent to the University of Maryland Hospital in

Baltimore, Maryland to be examined by an oral surgeon for extreme facial pain caused by a

condition known as "TMJ."[1]  The surgeon told Spires that he should "be seen by Neurology in a

week."  Spires waited for eight months to be seen and claims that during that time he endured

extreme pain without adequate medical treatment. ECF No. 1 at p. 3.

---

[1] TMJ is temporomandibular joint syndrome. *See* ECF No. 10 at Ex. 8, p. 4.

On November 16, 2011, Spires states he fainted due to the extreme pain caused by his condition. Spires claims that Physician's Assistant Greg Flurry[2] sent him back to his cell in a wheelchair after he fainted. He states that the "ARP Coordinator," Jared Zias, failed to properly investigate Spires's administrative complaint (ARP). Spires further alleges that Warden Bobby Shearin is responsible for the actions of his employees.[3] He seeks $100,000 in damages. *Id.*

## STANDARD OF REVIEW

Rule 56 of the Federal Rules of Civil Procedure provides that a court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). A material fact is one that "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A genuine issue over a material fact exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* In considering a motion for summary judgment, a judge's function is limited to determining whether sufficient evidence exists on a claimed factual dispute to warrant submission of the matter to a jury for resolution at trial. *Id.* at 249.

In undertaking this inquiry, this Court must consider the facts and all reasonable inferences in the light most favorable to the nonmoving party. *See Ricci v. DeStefano*, 129 S. Ct. 2658, 2677 (U.S. 2009); *Scott v. Harris*, 550 U.S. 372, 378 (2007). However, this Court must also abide by its affirmative obligation to prevent factually unsupported claims and defenses from going to trial. *See Drewitt v. Pratt*, 999 F.2d 774, 778-79 (4th Cir. 1993). If the evidence presented by the nonmoving party is merely colorable, or is not significantly probative, summary judgment must be granted. *Anderson*, 477 U.S. at 249-50. On the other hand, a party opposing

---

[2] Flury has not been served with the Complaint.

[3] Spires also names as a Defendant Lieutenant Wilt, but does not specifically allege any wrong doing on his part.

summary judgment must "do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986); *see also In re Apex Express Corp.*, 190 F.3d 624, 633 (4th Cir. 1999). This Court has previously explained that a "party cannot create a genuine dispute of material fact through mere speculation or compilation of inferences." *Shin v. Shalala*, 166 F. Supp. 2d 373, 375 (D. Md. 2001) (citations omitted).

## Plaintiff's Motions for Summary Judgment

Spires moves for summary judgment in his favor because Defendants did not file a timely answer. ECF No. 8, 9, 15, and 19. He states that Defendants were ordered to answer the Complaint and more than 30 days elapsed before a response was filed. *Id.* He further states that Flurry never responded.[4] ECF No. 19.

The motions seek default judgment against Defendants; however, the Motion to Dismiss or for Summary Judgment filed on behalf of Defendants was filed in a timely manner. Defendants were provided 60 days to file a response to the Complaint by virtue of the Standing Order issued by this Court in *In re State Prisoner Litigation*, Misc. No. 00-308, Administrative Order 2003-7 (D. Md 2003). Service of the Complaint was accepted on August 8, 2012, (ECF No. 6) and Defendants' motion was filed on September 24, 2012. ECF No. 10. Spires is, therefore, not entitled to the relief sought in his Motions for Summary Judgment and they shall be denied.

## Analysis

The Eighth Amendment prohibits "unnecessary and wanton infliction of pain" by virtue of its guarantee against cruel and unusual punishment. *Gregg v. Georgia*, 428 U.S. 153, 173 (1976). "Scrutiny under the Eighth Amendment is not limited to those punishments authorized

---

[4] Flurry has not been served with the Complaint and, therefore, is not required to file a response.

by statute and imposed by a criminal judgment." *De'Lonta v. Angelone*, 330 F. 3d 630, 633 (4th

Cir. 2003) citing *Wilson v. Seiter*, 501 U.S.294, 297 (1991).    In order to state an Eighth

Amendment claim for denial of medical care, a plaintiff must demonstrate that the actions of the

defendants or their failure to act amounted to deliberate indifference to a serious medical need.

*See Estelle v. Gamble*, 429 U.S. 97, 106 (1976). Deliberate indifference to a serious medical

need requires proof that, objectively, the prisoner plaintiff was suffering from a serious medical

need and that, subjectively, the prison staff members were aware of the need for medical

attention but failed to either provide it or ensure the needed care was available. *See Farmer v.*

*Brennan*, 511 U.S. 825, 837 (1994). Objectively, the medical condition at issue must be serious.

*See Hudson v. McMillian,* 503 U.S. 1, 9 (1992) (there is no expectation that prisoners will be

provided with unqualified access to health care).    Proof of an objectively serious medical

condition, however, does not end the inquiry.

The subjective component requires "subjective recklessness" in the face of the serious

medical condition. *See Farmer*, 511 U.S. at 839– 40.   "True subjective recklessness requires

knowledge both of the general risk, and also that the conduct is inappropriate in light of that

risk." *Rich v. Bruce*, 129 F. 3d 336, 340 n. 2 (4th Cir. 1997).   "Actual knowledge or awareness

on the part of the alleged inflictor . . . becomes essential to proof of deliberate indifference

'because prison officials who lacked knowledge of a risk cannot be said to have inflicted

punishment.'" *Brice v. Virgiinia Beach Correctional Center*, 58 F. 3d 101, 105 (4th Cir. 1995)

quoting *Farmer* 511 U.S. at 844.   If the requisite subjective knowledge is established, an official

may avoid liability "if [he] responded reasonably to the risk, even if the harm was not ultimately

averted." *Farmer*, 511 U.S. at 844.   Reasonableness of the actions taken must be judged in light

of the risk the defendant actually knew at the time. *Brown v. Harris*, 240 F. 3d 383, 390 (4th Cir.

4

2000) citing *Liebe v. Norton*, 157 F. 3d 574, 577 (8th Cir. 1998) (focus must be on precautions actually taken in light of suicide risk, not those that could have been taken).

Defendants state that on November 11, 2011, Spires filed an administrative complaint ("ARP") alleging that the physician's assistant was not following orders to send him for a neurological consult. ECF No. 10 at Ex. 5 and 7. The ARP was investigated and revealed that the physician's assistant was working with dental staff and following the recommendations of Utilization Management. *Id.* at Ex. 7.

Defendants state that Spires did not file an ARP complaining about a denial of adequate medical care during a November 16, 2011 medical visit. ECF No. 10 at Ex. 1, ¶7. During an investigation of an ARP filed by Spires regarding a different matter, it was determined that he was seen by a dentist on November 16, 2011, did not get what he wanted, and laid down on the floor claiming to pass out. *Id.* at Ex. 7 and 8 pp. 24 - 30. The dentist determined that Spires had not passed out and treated him with ammonia inhalants, whereupon he became more alert and able to converse with medical staff. *Id* at Ex. 7, p. 4. Spires's examination was unremarkable with the exception of drowsiness, prompting the collection of labs and the administration of Naloxone,[5] which had no effect. *Id.* When Spires became more alert, he was returned to his isolation housing unit with instructions to hydrate and rest. *Id.* In addition to onsite medical care, Spires received an off-site pain management consult. *Id.* at Ex. 8 pp. 2-5. Defendants claim that medical records establish Spires is receiving constitutionally adequate medical care at NBCI. *Id.* at pages 2 - 79. Spires was not provided with the neurology appointment he desired because it was determined that the issue with his jaw should first be addressed through the dental provider. *Id.* at Ex. 7, p. 3. Spires's jaw was x-rayed on July 27, 2012, and "no significant bony abnormality" was noted. *Id.* at p. 66.

---

[5] Naloxone is a drug given to counter the effects of an opiate overdose. www.drugs.com/mtm/**naloxone**.htm

In his opposition, Spires states that Defendants have admitted he has a legitimate medical issue and are responsible for ensuring he receives adequate medical care. The condition from which Spires suffers is bruxism, or grinding his teeth, which is so severe fillings have come out of his teeth and he has had to have teeth removed. He attaches to his Response in Opposition a copy of the plan for treatment recommended by Dr. Cornell Shelton. The plan recommended was to have a custom-fitted mouth guard made for him to wear at night to relieve the pain and protect his teeth.[6] ECF No. 18 at Attachment 6, p. 3. In medical records dated July 20 and 27, 2012, it was noted that Spires was awaiting a consult for the mouth guard at University of Maryland. ECF No. 10 at Ex. 8, pp. 64 and 68. On August 15, 2012, Spires was approved for a night guard. *Id.* at p. 73. As of August 23, 2012, Spires was still waiting for the approved procedure to fit him with the night guard. *Id.* at p. 79. He was, however, provided with numerous medications to treat his pain in the interim. *See* fn. 6 *infra*. To the extent he does not believe a dentist and an oral surgeon are qualified to carry out the recommended treatment plan, his claim is simply a matter of his disagreement with medical opinion and it does not evidence deliberate indifference to a serious medical need.

Spires is receiving appropriate medical care, the procedure to fit him with night guard has been approved and his pain has been treated with medicaiton. In addition, his claims against Defendants is based on a theory of respondeat superior which is inapplicable to claims raised under 42 U.S.C. §1983. His claim against P.A. Flurry will be dismissed without requiring

---

[6] A prescription for Mobic to relieve the pain while Spires awaits the custom-fitted mouth guard was also recommended by Dr. Shelton. ECF No. 18 at Attachment 6, p. 3. Spires has been prescribed an anti-inflammatory topical treatment, Fluocinonide (ECF No. 10 at Ex. 8, pp.10, 13, 17, 19, 27, 42, 44, 46, 51, 54, 56), Motrin (*id.* at pp. 27, 38, 39, 42, 44, 46), Neurontin (*id.* at p. 28), Acetaminophen Extra Strength (*id.* at pp. 44, 46, ), Acetaminophen with Codeine (*id.* at pp. 48, 49, 51, 54, 55, 56, 58, 61, 62, 64, 67, 72, and 79), Mobic (*id.* at pp. 54, 55, 56, 58, 61, 62, 64, 67, 72, and 79).

service of the Complaint, given the undisputed evidence which confirms he has received constitutionally adequate medical care. A separate Order follows.

_November 19, 2012_
Date

_____
RICHARD D. BENNETT
UNITED STATES DISTRICT JUDGE